IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KALIE JONES-HULSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVER HEALTH, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00368-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 10). On May 28, 2024, the court granted Plaintiffs Kalie Jones-Hulse and Nicholas Hulse's (collectively, Plaintiffs) application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 (ECF 6), and Plaintiffs' Complaint was placed on the court's docket shortly thereafter (ECF 7). On February 5, 2025, the court issued an order (Order) (ECF 12) granting Plaintiffs leave to file an amended complaint addressing the failure to adequately plead a plausible claim. Plaintiffs were instructed to file their amended complaint by March 4, 2025 (*id.*). The court warned Plaintiffs that failure to comply with the directives in the Order may result in dismissal of this action (*id.* at 4). As of the date of this Report and Recommendation, Plaintiffs have not responded to the Order, filed an amended complaint, or taken any other action in this matter. Because Plaintiffs failed to comply with the court's Order, the court recommends dismissal of this action.

1

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. This matter has been pending since May 22, 2024 and Plaintiffs failed to comply with the Order's directive to filed an amended complaint. In its Order, the court noted that the Complaint was deficient for several reasons. Specifically, the court noted that "Plaintiffs' pleading lacks specific factual allegations regarding the actions and identities" of each of the thirty-one defendants named in the Complaint (ECF 12 at 4). The court further determined that "[b]ecause the Complaint contains only Plaintiffs' conclusory allegations about the violations of their rights Plaintiffs have failed to state a claim on which relief can be granted" (*id.*). Plaintiffs' failure to move this matter along by following the court's directives in amending their pleading interferes with the judicial process. While there is

lesser culpability in failing to properly prosecute this matter due to their pro se status, there appears

to be no effective lesser sanction, and there would be little to no actual prejudice to defendants

having not yet been served. In consideration of these factors, the court finds that the circumstances

in this case warrant dismissal.

## RECOMMENDATION

Based on Plaintiffs' failure to prosecute this case and comply with a court order, the court

**RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object

may constitute a waiver of objections upon subsequent review.

DATED this 10 March 2025.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

3